United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY KENT, et al.,
Plaintiffs,

v.

CONOPCO, INC.,
Defendant.

Case No. 25-cv-03660-JCS

**ORDER STRIKING STIPULATION OF VOLUNTARY DISMISSAL**

The parties have filed a Stipulation of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), dkt. no. 52 ("Stipulation"). The Stipulation is STRICKEN.

The Ninth Circuit has held that when reviewing a dismissal of class claims prior to class certification, "[t]he district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members, and therefore must inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). In particular, "the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.*

The parties' Stipulation purports to dismiss the individual and class claims asserted in this case under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but the plain language of Rule 41(a)(1)(A) states that dismissal under that section is subject to, *inter alia*, Federal Rule of Civil Procedure 23(e). Under Federal Rule of Civil Procedure 23(e)(1)(A), "[t]he parties must provide

the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Notice of pre-certification dismissal may be required because it (1) "protects a defendant by preventing a plaintiff from appending class allegations to her complaint in order to extract a more favorable settlement," (2) "protects the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims," and (3) "protects the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Diaz*, 876 F.2d at 1409–10. The parties' Stipulation does not provide the Court with any information related to these considerations, making it impossible for the Court to conduct the review of the parties' dismissal of the class claims required under *Diaz*.

While some courts in the Ninth Circuit have found the 2003 amendment to Rule 23(e) abrogated *Diaz*, others in the Ninth Circuit, including the undersigned, have continued to apply the *Diaz* factors to dismissal of class claims prior to class certification. *See Dominguez v. Sonesta Int'l Hotels Corp*., No. 22-CV-03027-JCS, 2026 WL 451804, at *1 (N.D. Cal. Feb. 17, 2026)("Because this case was brought as a putative class action, the Court is required under Rule 23(e) of the Federal Rules of Civil Procedure and *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) to conduct a limited review to ensure that dismissal of the case will not result in prejudice to the absent putative class members."); *Nessim v. Fliff, Inc*., No. 5:23-CV-01048-SSS-SHKX, 2024 WL 6847307, at *2 (C.D. Cal. Mar. 4, 2024) ("the Court finds the *Diaz* review appropriate to ensure that the interests of the class members—even if the class is uncertified—are protected."); *Albers v. Yarbrough World Sols., LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("[The holding in *Diaz*] pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . But our decisions have 'generally assumed that it does' apply[.]"); *cf. Dougan v. Centerplate, Inc*., 706 F. Supp. 3d 1025, 1027–30 (S.D. Cal. 2023) (finding that dismissal of class claims pre-certification is not subject to review under Rule 23(e) and *Diaz*).

United States District Court
Northern District of California

The Court finds that the dismissal of the class claims in this case is subject to *Diaz* review to ensure that the interests of the putative class members are protected under Rule 23(e). Therefore, any subsequent request for dismissal must address the *Diaz* factors and provide information sufficient for the Court to determine whether dismissal of the case is collusive or prejudicial to the putative class and whether notice to all members of the putative class is required.

**IT IS SO ORDERED.**

Dated: July 21, 2026

JOSEPH C. SPERO
United States Magistrate Judge